Hillsborough, }
Feb. 5, 1924. }

### STATE v. CLARA JOHNSON.

Under Laws 1919, c. 99, s. 4, the illegal possession of intoxicating liquor is neither expressly nor impliedly dependent upon the ownership or control of the premises where the liquor is found.

COMPLAINT, for illegal possession of intoxicating liquor. Trial by jury and verdict of guilty. The state's evidence tended to prove that the liquor in question was found in a tenement where the respondent lived, and for which she paid the rent; that when it was found, she acknowledged the ownership of the liquor and claimed it as hers. The evidence of the defence tended to show that the tenement was hired and the rent paid by one Thomopoulos; that the liquor was brought in by the latter without the knowledge or consent of the respondent shortly before it was seized. The state produced Thomopoulos, as a witness, who denied that he either hired the tenement or brought in the liquor.

Transferred by *Branch*, J., from the superior court upon defendant's exceptions to the denial of requests for instructions, viz.: (1) If the jury believes that the house in which the liquor was found was not owned or controlled by the respondent, then the jury will find the respondent not guilty. (2) If the liquor was in Thomopoulos' house with his knowledge and consent, then he was in possession of it, and there is no possession on the part of the respondent.

*Ferdinand Farley*, solicitor, and *J. Blanche Newhall*, for the state.

*John S. Hurley* and *Aloysius J. Connor*, for the respondent.

SNOW, J. Laws 1917, c. 147, s. 20, as amended by Laws 1919, c. 99, s. 4, provides: "Sect. 20. The procuring, possessing, furnishing, giving away or transporting intoxicating liquor, except as provided for in chapter 147 of the Laws of 1917 or amendments thereto, and any shift or device to evade the provisions of any law now or hereafter in force, in relation to intoxicating liquor are prohibited, and the penalties for a violation of any of the provisions of this section shall be the same as in the case of selling or keeping for sale intoxicating liquor; *provided* that the provisions of this section shall not apply in the case of any intoxicating liquor in the possession of

any person within this state which has been lawfully procured by such person, but the possession of any intoxicating liquor within this state shall be *prima facie* evidence of violation of this section."

The possession of intoxicating liquors which is here constituted *prima facie* evidence of a violation of the statute is neither expressly nor impliedly made to depend upon the ownership or control of the premises where the liquor is found. Thomopoulos' ownership of the premises was not conclusive evidence of possession. Whether he might also have been found to have been in possession of the liquors is immaterial and has not been considered. The requests for instructions were properly denied.

*Exceptions overruled.*

All concurred.